IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LESLIE KELLY,<br>   Plaintiff,<br><br>v.<br><br>MARTIN SAPKO, ET AL.,<br>   Defendants. | Civil Action No. 03-368E<br><br>Judge McLaughlin<br>Magistrate Judge Baxter<br><br>*(Electronic Filing)* |

**REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGEMENT**

  The Federal Defendants, by their attorneys, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, Michael C. Colville, Assistant U.S. Attorney, and Douglas S. Goldring, Assistant General Counsel for Federal Prison Industries, Inc., now file this Reply Brief in support of their previously filed Motion to Dismiss or for Summary Judgment pursuant to Federal Rules of Civil Procedure 12(b)(6) and 56.

  In his responsive brief, Plaintiff appears to contend that because the Supreme Court and Third Circuit have found violations of the Eighth Amendment in cases involving exposure to tobacco smoke, Helling v. McKinney, 509 U.S. 25 (1993) and asbestos, Gibbs v. Cross, 160 F.3d 962 (3rd Cir. 1998); that it must stand to reason that the Eighth Amendment is violated by the conditions described in Plaintiff's Complaint.  This is simply not true.

  The Eighth Amendment requires a court not only to make a scientific and statistical inquiry into the seriousness of the potential harm and the likelihood that such injury to health will actually be caused by exposure to the contaminant, but also "to assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk."  Helling, at 36 (emphasis in original).

Although Defendants agree that crystalline silica, an ingredient in Micore Boards, is classified as a human carcinogen, respirable silica was <u>not</u> detected in 2001 by Microbac Laboratories or in 2003 by Occupational Safety and Health Administration ("OSHA") inspectors. <u>See</u> Declaration of Steven Housler ¶¶ 12-13 and 18, Attachments C and E. Indeed, with respect to all of the chemical components of Micore Board, the OSHA inspectors determined that no UNICOR worker's exposure exceeded 10% of the relevant exposure limit. <u>See</u> Declaration of Steven Housler ¶ 18, Attachment E. Thus, OSHA determined that Plaintiff and other workers were not exposed to inappropriate levels of contaminants in the UNICOR factory. It was thus reasonable for FCI McKean to rely on available air quality test results to determine what, if any, safety equipment it needed to make available for staff and inmates assigned to the UNICOR factory. Plaintiff simply cannot, in this case, "show that he himself is being exposed to unreasonably high levels of" harmful substances, as required by <u>Helling</u>, where the UNICOR facility is in compliance with the relevant federal air quality standards. The Court may not hold Defendants to a higher standard than that required by federal agencies who are charged with monitoring workplace safety.

OSHA standards reflect contemporary standards of decency – our society willingly exposes free citizens and inmates alike to toxins, chemicals, and particulates up to the threshold values established by OSHA. <u>See, e.g.</u>, <u>Wooten v. Goord</u>, 2004 WL 816919 (W.D.N.Y., Mar. 25, 2004), <u>aff'd.</u>, 2005 WL 387971 (2nd Cir., Feb 17, 2005); <u>Saahir v. Holligan</u>, 2004 WL 1418790 (N.D. Tex., June 24, 2004). The conditions present in the UNICOR building did not violate OSHA standards. As such, Plaintiff cannot, and has not, established the objective prong of the Eighth Amendment test, and his Eighth Amendment claim must be dismissed.

Furthermore, Plaintiff cannot show that Defendants were deliberately indifferent to his health. To be sure, as has been discussed, Defendants took all necessary steps to ensure compliance with OSHA standards in the UNICOR factory. Even if compliance with OSHA standards was not sufficient to insulate Defendants from being deemed deliberately indifferent, however, Defendants also relied on, and acted consistently with, the applicable MSDS sheets and product warning labels in determining what protective equipment to provide for UNICOR employees. MSDS sheets are required to, and do, list risks associated with overexposure to various chemicals. More importantly, however, the MSDS sheets set forth what precautions, if any, must be taken in order to protect against such risks. See Declaration of Steven Housler ¶ 33. Defendants' decisions regarding the UNICOR work environment and protective equipment were consistent with the MSDS sheets and with product warning labels. See Declaration of Steven Housler ¶¶ 32-36, and Attachment I.

Therefore, Plaintiff cannot, and has not, established either the objective or the subjective prong of the Eighth Amendment test. As such, there is no basis upon which this case may proceed. Defendants' Motion to Dismiss or for Summary Judgment should be granted with a certification that any appeal would be deemed frivolous, lacking in probable cause, and not taken in good faith.

        Respectfully Submitted,

        MARY BETH BUCHANAN
        United States Attorney


        s/Michael C. Colville
        MICHAEL C. COLVILLE
        Assistant U.S. Attorney
        Western District of PA
        U.S. Post Office & Courthouse
        700 Grant Street, Suite 4000
        Pittsburgh, PA 15219
        (412) 894-7337
        PA ID No. 56668


OF COUNSEL:

Douglas S. Goldring
Assistant General Counsel
Federal Prison Industries (UNICOR)
400 First Street, NW, 8th Floor
Washington, DC 20534

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGEMENT was served by electronic filing and/or first class mail on this 12th day of July, 2005, to the following:

> Leslie Kelly
> 26864-039
> FCI McKean
> P.O. Box 8000
> Bradford, PA 16701

>  s/Michael C. Colville
> MICHAEL C. COLVILLE
> Assistant U.S. Attorney