IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LESLIE KELLY,
       PLAINTIFF

v.

JOHN LAMANNA, ET AL.,
       DEFENDANTS

Civil Action No. 03-368

Judge McLaughlin
Magistrate Judge Baxter

## DECLARATION OF DEBORA FORSYTH, ASSOCIATE WARDEN

1. I am the Associate Warden (AW) over Industries and Education (I&E) at the Federal Correctional Institution (FCI), Jessup, Georgia. Prior to this, from May 9, 1999, until approximately June 3, 2003, I was the Superintendent of Industries (SOI) at FCI McKean, Pennsylvania.

2. As the SOI at FCI McKean, my responsibilities included both oversight of the day-to-day operations and long term policy decisions affecting the Federal Prison Industries, Inc. (FPI or trade name UNICOR) operation at FCI McKean.

3. I am aware that inmate Leslie Kelly, Register Number 26864-039, has filed the above-captioned civil action in the United States District Court for the Western District of Pennsylvania, naming me as a defendant in both my official and personal capacities. Inmate Kelly alleges, among other

things, that he was exposed to hazardous air-borne particulates at his inmate work assignment in the UNICOR factory at FCI McKean, and that he was not issued proper safety equipment.

7. To the best of my recollection, inmate Kelly did not report any work-related injuries or illnesses to me, nor did he request any special safety equipment that he could use at his inmate work assignment.

8. To the best of my knowledge and recollection, inmates assigned to work assignments in the UNICOR factory at FCI McKean were required to wear hearing protection and goggles. Dust masks and gloves were available to inmates upon request from their work supervisors. If an inmate were to request special safety equipment to use during his work assignment, arrangements would be made through the Safety Department to furnish the appropriate equipment. Inmate Kelly never requested a dust mask or a respirator to use at his inmate work assignment.

9. Under no circumstances would I ever alter any Material Safety Data Sheet (MSDS) in the UNICOR factory, nor would I direct any person in the institution (be they staff or

-2-

inmate) to alter the MSDS sheets in the UNICOR factory.

I declare under penalty of perjury in accordance with the provisions of 28 U.S.C. § 1746 that the above is accurate to the best of my knowledge and belief.

_Deborah Forsyth_ (signature)
Deborah Forsyth
Associate Warden
FCI Jessup

1-30-06
Date