```
 1              IN THE UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF PENNSYLVANIA
 2

 3   LESLIE R. KELLY,                  :
              Plaintiff                :
 4                                     :
         v.                            :   Civil Action No. 03-368
 5                                     :
     MARTIN SAPKO, DEBORAH              :
 6   FORSYTH, STEPHEN HOUSLER,         :
     UNITED STATES OF AMERICA, and     :
 7   JOHN LAMANNA,                     :
              Defendants               :
 8

 9

10

11          Hearing in the above-captioned matter, held

12       on January 22, 2004, commencing at 2:26 p.m.,

13       before the Honorable Susan Paradise Baxter, in

14       camera, at the United States Courthouse, 17 South

15       Park Row, Room A280, Erie, Pennsylvania 16501.

16

17

18   For the Plaintiff:  (Via telephone)
           Leslie R. Kelly, Pro Se
19

20   For the United States of America:  (Via telephone)
           Michael Colville, Esquire, AUSA
21

22   For the Bureau of Prisons:  (Via telephone)
           Joyce Horikawa, Esquire
23

24

25              Reported by Janis L. Ferguson, RPR
```

1

```
 1                THE COURT:  Let's go to Mr. Kelly.  Okay.  This is
 2   Leslie R. Kelly versus Marty Sapko, et al., Civil No. 03-368
 3   Erie.
 4                Mr. Kelly, your motion is almost identical
 5   word for word as Mr. Siggers'.  Is that not correct?
 6                MR. KELLY:  Yes, ma'am.
 7                THE COURT:  Tell me about what happened to you.
 8                MR. KELLY:  I had received a letter from your
 9   chambers, and it was opened.  It had Leslie Kelly, Pro se,
10   on it.  It has Clerk, United States District Court; from
11   your chambers.
12                Then I had another letter from the Bar
13   Association.  It didn't have no name on it.
14                They had no right to go in it.  But it had
15   "client".  Client:  Leslie Kelly on there.
16                THE COURT:  All right.  And those were both opened
17   outside your presence?
18                MR. KELLY:  Yes, ma'am.
19                THE COURT:  Have you had any legal mail opened in
20   your presence?
21                MR. KELLY:  Yes.
22                THE COURT:  Okay.  And both of those pieces that
23   you describe were pertaining to this case?
24                MR. KELLY:  Yes, ma'am.
25                THE COURT:  Ms. Horikawa?
```

```
 1              MS. HORIKAWA:  Okay.  I have copies of two
 2   envelopes in front of me.  One is from the Pennsylvania Bar
 3   Association.  I don't see any indicia that says "client" or
 4   from any particular person from the Pennsylvania Bar
 5   Association.  And I don't see any marking that it should be
 6   opened only in the presence of the inmate.
 7              I don't know; maybe -- I just don't have it
 8   on my copy.  I don't know if Mr. Kelly has something else in
 9   front of him that I don't have.
10              THE COURT:  Mr. Kelly, does it say "client" on the
11   letter or on the envelope?
12              MR. KELLY:  On the letter.  Says, Client:  Leslie
13   Kelly.  Leslie R. Kelly.
14              THE COURT:  And was this correspondence between
15   your attorney and yourself?
16              MR. KELLY:  Yes.  This is from a -- a lawyer
17   had -- my people had hired for me, but he was writing me
18   back to let me know -- letting me know to call them at a
19   certain time so we can arrange -- so we can make some
20   arrangements.
21              MS. HORIKAWA:  I don't have that.  I never
22   received a copy of that one.  I have no idea.  Without
23   looking -- without seeing the envelope --
24              THE COURT:  I understand. What about the other
25   one?  The other one is forms again?
```

```
 1            MR. KELLY:  The other one is a receipt for my
 2   filing fees.
 3            MS. HORIKAWA:  It just says Clerk's Office, United
 4   States District Court, Erie, Pennsylvania, addressed to
 5   Inmate Kelly.  But, again, there's no individual from the
 6   Clerk's Office identified, and it's not marked to open only
 7   in the presence of the inmate.
 8            MR. KELLY:  It says "Pro Se" right after my name.
 9            MS. HORIKAWA:  It does say "Pro Se".  That doesn't
10   necessarily mean it was legal mail.
11            THE COURT:  In fact, if it was a receipt, it was
12   not legal mail.
13              Mr. Kelly, I'm not certain about the one --
14   the one that you say is from your attorney would likely be
15   legal mail.  But, once again, as you heard me say, one
16   instance does not a violation of your Constitutional rights
17   under the Freedom of Speech and under the First Amendment
18   make.  And it's infringed, according to the case law, by a
19   pattern and practice of opening incoming legal mail outside
20   of your presence.
21              The fact that you have had others, you just
22   told me that you had others that were, in fact, opened in
23   your presence --
24            MR. KELLY:  Yes, ma'am, but I had one before that
25   my lawyer sent me, but he was just letting me know that he
```

```
 1   couldn't take the case.  But it wasn't opened in my presence
 2   either, as well.  But I had -- I had tore it up.  So I just
 3   tore it up --
 4           THE COURT:  So we really only have one to discuss
 5   here.
 6           MR. KELLY:  Right.  Okay.
 7           THE COURT:  I am going to have to rule in the
 8   similar manner; that a motion for something as extraordinary
 9   as an injunction order should be denied, and I will put that
10   on the record in a second.  But as I said, the Constitution
11   requires that FCI McKean be diligent in this regard.
12               Now, I think they will be extra diligent in
13   this regard because of both of your complaints.  But they
14   are looking for the markings on the envelope.  And you
15   should tell your -- your attorney to -- and they usually do
16   write "legal mail" on it.  If -- especially if it contains
17   something that -- that is private and confidential with you.
18   All right?
19           MR. KELLY:  All right.
20           THE COURT:  So I'm going to make a report and
21   recommendation that Mr. Kelly's motion be denied.  I will
22   cite the case of Clean Ocean Action versus York, 57 F.3 328,
23   331 (Third Circuit), 1995 for the proposition that the four
24   requirements for the extraordinary remedy of injunctive
25   relief have not been met.
```

```
 1                      And those requirements are the likelihood of
 2   success on the merits.  And that mainly is because the --
 3   the Plaintiff is only complaining about one letter, and that
 4   does not show a pattern and practice.  He also has agreed
 5   that he has received other legal mail that was, in fact,
 6   opened in his presence.
 7                      To the extent of the irrepairable injury from
 8   the alleged misconduct, his testimony is that the letter was
 9   from his counsel regarding when he was supposed to contact
10   him, and there does not appear to be any irrepairable injury
11   from the fact that that was opened outside of his presence.
12                      Number three, the extent of harm to the
13   movant, as said before, is minimal, and the effect on the
14   public interest by this one letter is slight.
15                      I also want to point out that the factors for
16   an issuance of a temporary restraining order are similar to
17   those as -- similar to those required to issue a preliminary
18   injunction.
19                      I want you to also understand, Mr. Kelly,
20   that you have 10 days to object to my report and
21   recommendation.  You file those objections as you would a
22   brief in opposition or however you wish to object to what I
23   just stated in written form, and you send those to me -- to
24   the Court, and those will be reviewed by Judge McLaughlin
25   before a final order is issued.  All right?
```

```
 1              MR. KELLY:  Okay.
 2              THE COURT:  Anything else from either Plaintiff?
 3              MR. COLVILLE:  Not from me, Your Honor.
 4              MR. SIGGERS:  Your Honor, Judge Baxter -- to my
 5   knowledge, I was trying to -- I was listening.  Is your
 6   Clerk of Court on the phone now?
 7              THE COURT:  No, the Clerk of Court is in a
 8   separate office.  They are an administrative office of the
 9   court system.  And though I called the two people in here my
10   law clerks, they are attorneys that work for me as a Judge.
11   The Clerk of Courts doesn't work for the Judge, they work
12   for the court system.  And they handle administrative items
13   like the forms and those sorts of things.  They docket the
14   cases.  My chambers issues orders and receives courtesy
15   copies of your filings.  But other than that, your filings
16   and such go to -- go to the Clerk's Office and are placed
17   inside a file of your case.
18              MR. SIGGERS:  I just sent the letter asking -- to
19   your chambers or your Clerk of Court, asking questions --
20   just like this sensitive matter that we're dealing with
21   today.  I was wondering how -- we have exhibits and things
22   to that nature.  This is my first time ever being --
23              THE COURT:  You say you wanted to show these
24   envelopes?
25              MR. SIGGERS:  Excuse me?
```

1         THE COURT: You had these letters that you want to
2    produce as exhibits?
3         MR. SIGGERS: On the civil action.
4         THE COURT: Oh, for the actual civil action. You
5    have things that you want to show as evidence?
6         MR. SIGGERS: Yes, ma'am.
7         THE COURT: First of all, your case, in fact, has
8    not been served yet. We have to wait for the money to come
9    in. This is -- this is administrative stuff. The Clerk of
10   Courts has to wait for the money to come in.
11            Now, you have authorized it -- I see you
12   authorized it in the middle of December.
13        MR. SIGGERS: Nothing was taken -- I haven't
14   received no clarification that you received the form or
15   nothing.
16        THE COURT: I did. This has been docketed. We
17   received the forms. What happens is they have to check your
18   account every month to see if you have the $32.25 to send in
19   to get the case served. If it takes way too many months, we
20   will listen to a motion from you to have it served anyway.
21   But we are waiting for that initial filing fee, and then it
22   will be served, and then it will be responded to by the
23   Defendants.
24            Right now they don't even know they have a
25   case to them. All right?

```
 1                MR. SIGGERS:  So can I send --
 2                THE COURT:  Let me just say, the rest of the
 3   citizens in the country have to pay $150 before they are
 4   heard.  Prisoners have a break.  You don't have to prepay
 5   the $150.  You're allowed to pay it in installments.  But we
 6   require that we get an installment first.  That's what that
 7   is about.
 8                MR. KELLY:  I have sent mine in already --
 9                THE COURT:  That's right.  Mr. Kelly, I think
10   yours has been -- has his been served?  I think -- the
11   service has started.  We received the first payment.  So
12   that means the service process will be started.  You're a
13   little bit ahead of Mr. Siggers there.
14                MR. SIGGERS:  This is Mr. Siggers.  Do I send a
15   Form 24 and mail the money out myself --
16                THE COURT:  No, no, no.  You sent me the
17   authorization form.  That's up to the accounting office of
18   your institution to forward to us the $32.25 when you have
19   it in your account.
20                THE WITNESS:  Okay.
21                THE COURT:  If you want them to move on it, you
22   can send a note and say.
23                MR. SIGGERS:  Can I just send the money out of my
24   account for the whole thing?
25                THE COURT:  The whole $150 some?
```

```
 1              MR. SIGGERS:  Yes, ma'am.
 2              THE COURT:  The Courts, as with anyone else, would
 3    not turn it down.  And we'll get it moving.
 4              THE COURT:  Anything else, Miss Horikawa or
 5    Mr. Colville?
 6              MS. HORIKAWA:  No.
 7              MR. COLVILLE:  No, Your Honor.
 8              THE COURT:  Thank you for arranging the call so
 9    that we could take care of these matters.  And both
10    Mr. Siggers and Mr. Kelly are going to be extra diligent in
11    making sure their mail has been properly opened.  So I'm
12    sure, Miss Horikawa, that you will pass that on to the
13    follows there.
14              MS. HORIKAWA:  Yes, I will.
15
16              (Hearing concluded at 2:38 p.m.)
17
18
19
20
21
22
23
24
25
```

Case 1:03-cv-00368-SJM-SPB    Document 98    Filed 02/05/2008    Page 11 of 11