IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LESLIE R. KELLY,                )
    Plaintiff              )
                                )
    v.                      )   CIVIL ACTION NO. 03-368 ERIE
                                )
MARTY SAPKO, et al.,            )
    Defendants              )

STATUS CONFERENCE

Proceedings held before the HONORABLE SUSAN PARADISE BAXTER, U.S. Magistrate Judge, in Judge's Chambers, U.S. Courthouse, Erie, Pennsylvania, on Friday, April 15, 2005.

APPEARANCES:

    LESLIE R. KELLY, Plaintiff here, (via Phone), appearing Pro Se.

    MICHAEL C. COLVILLE, Esquire, Assistant United States Attorney, (via Phone), appearing on behalf of the Defendants.

Ronald J. Bench, RMR - Official Court Reporter

2

P R O C E E D I N G S

      (Whereupon, the proceedings began at 10:00 a.m., on Friday, April 15, 2005, in Judge's Chambers.)

      THE COURT: I'm going to call the case on the record. This is the case of Leslie Kelly v. Marty Sapko, et al., at Civil Action 03-368 Erie. In my chambers I have my staff attorney, Frank Fogl, Esquire, and the court reporter. Please identify the rest of the folks on the line for the record?

      MR. COLVILLE: Mike Colville, your Honor, for the United States.

      MR. GOLDRING: Doug Goldring, assistant general counsel for the BOP.

      MR. KELLY: Leslie Kelly.

      THE COURT: Mr. Kelly, you are in Georgia, is that correct?

      MR. KELLY: Yes, ma'am.

      THE COURT: Are you in a room by yourself with a counselor?

      MR. KELLY: I'm in a room by myself at this time.

      THE COURT: And you're holding a hand-held phone, you're not on a conference phone?

      MR. KELLY: Yes, ma'am, a hand-held phone.

Case 1:03-cv-00368-SJM-SPB    Document 99    Filed 03/19/2008    Page 3 of 9

3

1    THE COURT: We're here because I have a series of
2 these cases actually, Mr. Kelly. And we had a few for
3 conferences yesterday. But since we have finished a round of
4 dispositive motions and the defense has wanted to bring extra
5 documentary evidence in on the objections, and the court, the
6 district court has ruled at least in sum that they would have
7 an opportunity to bring a new dispositive motion with that
8 material, that we should get together here and map that out so
9 the cases don't go too far afield. Mr. Colville, what's your
10 plan?
11    MR. COLVILLE: Well, with the little I've learned
12 from what yesterday's conference involved, I would like a
13 similar type of order to be issued in this case. Which would
14 give us some additional time, 30 days if we can, to re-file our
15 dispositive motion, which would include previously filed
16 documents in one pleading before the court. I would suggest
17 that we stay the discovery until the court rules on that. If
18 the court were to rule against my client, then discovery should
19 proceed, as with any other case. But until that time, it makes
20 no sense to waste Mr. Kelly's time, quite frankly, the Bureau
21 of Prisons time as well, to work through discovery if in fact
22 the court ultimately rules in favor of our position in this
23 case.
24    THE COURT: Well, that sort of depends. What kind
25 of discovery does he need to oppose your motion?

1           MR. COLVILLE:  I would leave that up to him.  He may
2  be seeking a medical review of his medical records.  He may be
3  seeking some type of -- I don't know what he's going to do.
4  But it may very well be that he is.  I presumed he was.  If
5  he's not, that's fine, I don't know if we need any discovery.
6           THE COURT:  You seem to have plenty of documents, I
7  think he has every right to continue with that.  He can try to
8  get what he needs.  I have no problem with that.  If he comes
9  to me with a concern that he can't get them, I will listen to
10 the argument at that time.
11          MR. COLVILLE:  I wasn't suggesting he couldn't do
12 that, either -- as far as formal discovery.
13          THE COURT:  I'm not going to put a deadline on it.
14          MR. COLVILLE:  At some point, if we were
15 unsuccessful, I'm going to want to depose Mr. Kelly and maybe
16 other witnesses as well.
17          THE COURT:  Absolutely.  All right.  We had a date
18 yesterday for a new dispositive motion of May 27th.  So I will
19 put that same deadline for you, Mr. Colville.  For the
20 defendants, May 27, 2005.
21          MR. COLVILLE:  Okay.
22          THE COURT:  What I'm going to do, Mr. Kelly, is I'm
23 going to decide how long it will take for you to respond to
24 that when I see their motion.  So then I will give you so much
25 time to respond.  But start preparing a response because you

1  should have seen what they had argued in their objections. So
2  you can start preparing that response.
3      MR. KELLY: Yes, ma'am.
4      THE COURT: Now, I'm going to tell you what I told
5  the other plaintiffs yesterday. I will accept a new motion for
6  appointment of counsel, all right. But I do not have authority
7  to tell an attorney he must represent you, he or she. I can
8  only be persuasive. And it's very difficult when someone is as
9  far away as you are for that to occur. That will all be taken
10 into consideration with the motion.
11     MR. KELLY: Okay.
12     THE COURT: All right.
13     MR. KELLY: There's some other things that I would
14 like to have, there's some more evidence I would like to
15 present to the court from OSHA.
16     THE COURT: You have things you would like the court
17 to see?
18     MR. KELLY: Yes, ma'am. I can't get my hands on
19 them, they wouldn't send evidence to me without a court order.
20     THE COURT: Did you send them discovery requests?
21     MR. COLVILLE: No, your Honor, I think he sent it to
22 OSHA, not to the Bureau of Prisons.
23     THE COURT: Did you do that under the Freedom of
24 Information Act.
25     MR. KELLY: Yes, ma'am. They only sent me a certain

1   amount of information that I could use.  They told me the other
2   information I would not be able to receive.
3              THE COURT:  What you have to do is file a motion for
4   subpoena duces tecum to my court.  And then if it's granted,
5   you will have the subpoena duces tecum to send to them.  All
6   right.  That's the way it works when you're incarcerated.
7   Normally we just pick one up at the court and send it.
8              MR. KELLY:  It's a motion to subpoena?
9              THE COURT:  Motion for subpoena duces, d-u-c-e-s,
10  tecum, t-e-c-u-m, to send to OSHA.
11             MR. KELLY:  Will I get a copy of this conversation
12  we're having?
13             THE COURT:  No, only if you pay for the transcript.
14  This is a civil case, you have to pay for it.
15             MR. KELLY:  I would like to have a copy.
16             THE COURT:  We'll give you the court reporter's name
17  and address when we're finished here, don't let me forget.
18             MR. KELLY:  Okay.
19             THE COURT:  You can order one.
20             MR. KELLY:  There's something else I would like to
21  ask.
22             THE COURT:  Listen, it may not be granted, that's
23  the other point.  You can try to get these documents from the
24  government if they're in their possession.  If they're not in
25  their possession, then they don't have to give them to you.

```
 1    If they are in their possession, they do.  I would try all
 2    angles.
 3              MR. KELLY:  Okay.  I have filed a tort claim in
 4    January --
 5              THE COURT:  A claim under the Federal Tort Claims
 6    Act?
 7              MR. KELLY:  Yes, ma'am.
 8              THE COURT:  You filed it in January?
 9              MR. KELLY:  Yes, ma'am.
10              THE COURT:  Did you file it there -- you didn't file
11    it with my court?
12              MR. KELLY:  I filed it to the U.S. Custom's office.
13              THE COURT:  You're trying to exhaust the claim?
14              MR. KELLY:  Yes, ma'am, I'm trying to exhaust all
15    the remedies.
16              THE COURT:  Follow through on that, I don't pay
17    attention to that until it comes here, all right.
18              MR. KELLY:  Okay.  Once I have a copy of it, then
19    I'll send it to you.
20              THE COURT:  If you want to amend your complaint to
21    include a claim under the Federal Tort Claims Act, you have to
22    amend it.  You have to file a motion to amend your claim, I
23    have to grant you that right.
24              MR. KELLY:  Okay.
25              THE COURT:  Any other questions?
```

8

1       MR. KELLY:  No, ma'am.

2       THE COURT:  Anything else from the defense?

3       MR. COLVILLE:  No, your Honor.

4       MR. GOLDRING:  No, your Honor.

5       THE COURT:  I appreciate your time, thank you to FCI
6  Jesup for helping us coordinate this.  And also my thanks to
7  the U.S. Attorney's office for starting the conference call.

8       MR. COLVILLE:  Thank you, your Honor.

9       THE COURT:  Let's keep the case moving.  All right,
10 we're adjourned.

11

12       (Whereupon, at 10:08 a.m., the proceedings were
13 concluded.)

14

15                              - - -

9

1            <u>C E R T I F I C A T E</u>

2

3

4

5      I, Ronald J. Bench, certify that the foregoing is a

6 correct transcript from the record of proceedings in the

7 above-entitled matter.

8

9

10

11 _____

12 Ronald J. Bench