```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF PENNSYLVANIA
```

MICHAEL HILL, et al.,            )
        Plaintiffs      )   CIVIL ACTION NO. 03-323 ERIE
                                               )   CIVIL ACTION NO. 03-355 ERIE
     v.                         )   CIVIL ACTION NO. 03-368 ERIE
                                               )   CIVIL ACTION NO. 04-11  ERIE
JOHN LAMANNA, et al.,            )
        Defendants      )


### CASE MANAGEMENT CONFERENCE


Proceedings held before the HONORABLE SEAN J. McLAUGHLIN, U.S. District Judge, and the HONORABLE SUSAN PARADISE BAXTER, Chief U.S. Magistrate Judge, in Judge's Chambers, U.S. Courthouse, Erie, Pennsylvania, on Thursday, August 24, 2006.


APPEARANCES:

    RICHARD A. LANZILLO, Esquire, and NEAL DEVLIN, Esquire, appearing on behalf of the Plaintiffs.

    MICHAEL C. COLVILLE, Assistant United States Attorney, and DOUGLAS GOLDRING, Assistant General Counsel, Federal BOP, appearing on behalf of the Defendants.


    Ronald J. Bench, RMR - Official Court Reporter

2

## P R O C E E D I N G S

1
2
3         (Whereupon, the proceedings began at 2:00 p.m., on
4    Thursday, August 24, 2006, in Judge's Chambers.)
5
6         JUDGE BAXTER:  Let me call the cases.  Michael Hill
7    v. Lamanna.  Kevin Siggers v. Lamanna.  Leslie Kelly v. Marty
8    Sapko.  Myron Ward v. Lamanna.
9         JUDGE McLAUGHLIN:  As you know, it should have been
10   filed in the last day or so, my order that adopted the R and R
11   that had been filed by the magistrate judge.  I just wanted to
12   stop over here briefly this afternoon for a couple of reasons.
13   One, these are old cases.  And the reality of them is that if
14   they are not disposed of and/or tried by the end of September,
15   they become three-years-old by March.  That still is within
16   striking distance of them becoming three-year-old cases.  And
17   in the absence of a consent, I will have these cases landing on
18   my desk to try or otherwise.  And while we have been involved
19   in the capacity of a reviewing court, we have not really been
20   intimately involved in these cases from the beginning as the
21   magistrate judge and her staff.  So more on that just before I
22   leave.  But just a couple of real quick things.  Food for
23   thought, then I'm going to leave.  Against the possibility that
24   these cases do not go away, for instance, by way of settlement,
25   has anybody given any thought here, with the possible exception

3

```
 1   of this floating dental claim, to the question of
 2   consolidation?
 3           MR. LANZILLO:  We've given it some thought.
 4           JUDGE McLAUGHLIN:  What's your thought?
 5           MR. LANZILLO:  The cases are appropriate for
 6   consolidation.
 7           JUDGE McLAUGHLIN:  Do you agree with that?
 8           MR. COLVILLE:  I think we do.
 9           JUDGE McLAUGHLIN:  We have by and by, a
10   consolidation order will be entered.  What about the dental
11   claim?
12           MR. GOLDRING:  That is just a completely separate
13   issue.  And only relates to one inmate, doesn't have anything
14   to do with the others.
15           MR. COLVILLE:  That is non-jury.
16           JUDGE McLAUGHLIN:  That is a Tort Claims Act.
17           MR. COLVILLE:  I think that's the only FTCA.
18           MR. GOLDRING:  You have a Bivens action as part of
19   the tort.
20           JUDGE McLAUGHLIN:  I might have been wrong, I
21   thought the Bivens part of that claim was dismissed.
22           MR. GOLDRING:  Only in part.
23           JUDGE McLAUGHLIN:  In any event, the loose ends
24   could be cleaned up, but the major point is the particle cases,
25   that aspect of them are consolidated.  She's going to give you
```

1  a discovery schedule and everything presently, but under this
2  objective and subjective test, looking at the objective
3  component of it, whether or not there is a reasonable
4  likelihood that these people will suffer harm in the future as
5  a result of the inhaling of particulate matter, I ask this just
6  rhetorically, but aren't you going to need an expert on that to
7  clear that next hurdle?
8          MR. LANZILLO:  We anticipate retaining two to three
9  experts, judge, yes.
10         JUDGE McLAUGHLIN:  All right.  And, finally, this
11 call is yours, but in terms of, you've already had a massive
12 round of briefing here, it seems to me, I'm hard pressed to
13 figure out what intensive additional fact discovery you're
14 going to need.  It seems to me you're not moving into the
15 expert phase of your case -- just quickly, what are you going
16 to need to get this thing wrapped up, from your standpoint?
17         MR. LANZILLO:  Judge, within the next 10 days we'll
18 be sending out an initial set of written discovery, requests
19 for production and interrogatories.  The bulk of that request
20 will focus on documents.  Many of which I'm sure have already
21 been provided in connection with the motions for summary
22 judgment.  But there have been no informal initial disclosures,
23 nor have there been any document requests.  So, for example,
24 I'm aware that there is a FCI McKean inmate handbook which we
25 want to specifically request.  We need some information

5

1  regarding --

2          JUDGE McLAUGHLIN:  I don't mean to cut you off, that
3  will all be in your requests.  You'll have an initial round of
4  production requests that will be going out.  What do you
5  anticipate beyond that?

6          MR. LANZILLO:  Interrogatories, primarily oriented
7  interrogatories in terms of inmates who utilized the particular
8  equipment, with in particular third-party staff and third-party
9  contractors who we need to identify.  Beyond that, we don't
10 anticipate much in the way of depositions.

11         JUDGE McLAUGHLIN:  How many depositions are you
12 planning to take?

13         MR. LANZILLO:  Party depositions, of course.  Warden
14 Lamanna.  Ms. Forsyth.  Marty Sapko.  Stephen Housler.

15         JUDGE McLAUGHLIN:  Where is Lamanna now?

16         MR. GOLDRING:  I don't remember where he is right
17 now.  I know he's not the warden at McKean right now.

18         MR. LANZILLO:  Judge, that may present a logistical
19 issue.  Then the last item, which may require some
20 pre-planning.  We do anticipate having at least consulting
21 experts, probably an industrial hygienist on the silica dust
22 claim.  He or she would probably need to see the facility, even
23 though things very likely changed, they need access.

24         MR. GOLDRING:  They don't run that factory anymore
25 at all.

1       MR. LANZILLO:  When did they discontinue operations?
2       MR. GOLDRING:  I think in 2004.  UNICOR shifted its
3  focus away from lots of the office furniture products and
4  converted a lot of the furniture factories into other
5  factories.  I believe they're doing a different operation there
6  now, I'm not a hundred percent certain that's what it is now.
7       MR. LANZILLO:  If there is a nothing reminiscent of
8  the conditions that existed at the time, then there is no point
9  doing a site visit, we'll work from the records.
10      JUDGE McLAUGHLIN:  What about you?
11      MR. COLVILLE:  We're going to want to the take the
12 depositions of the plaintiffs.  We're going to want independent
13 medical examinations.  I think some short and sweet
14 interrogatories.  We may need to take the deposition of the
15 OSHA people involved with the inspection themselves.  I think
16 that's about it.
17      JUDGE McLAUGHLIN:  All right.
18      MR. COLVILLE:  We also have some experts as well,
19 that will need to be retained in this case.
20      JUDGE BAXTER:  Before you go, judge, it's my
21 understanding that you might be considering another round of
22 summary judgment motions?
23      MR. COLVILLE:  Well, I think so.
24      JUDGE McLAUGHLIN:  We've had two rounds of
25 dispositive motions.  While you're here, I want you know to

1   know my feeling on it. My feeling on it is, unless there's
2   something really new, we want to keep this case moving. I
3   can't even imagine what you could bring up that we haven't
4   seen?
5           MR. COLVILLE: I don't know, either. I'll tell you
6   now that we won't file the same motion for summary judgment.
7   If there's not additional information that we think supports
8   the filing of a summary judgment motion, then we will not. If
9   there's an opportunity to speak off the record, I would like to
10  talk at some point.
11          JUDGE McLAUGHLIN: Here's the deal on that. But as
12  I told you, I'm glad you reminded me, it's March rather than
13  September, but this case has been dragging around for a long
14  time. And whatever discovery period she gives you, I want it
15  to come out such that the filing of any renewed -- we can't
16  stop you from filing them, I'm not going to say we're not going
17  to take it, but I'm not going to delay this case getting
18  disposed of. So if you're going to file a dispositive motion
19  for summary judgment -- September, October, November -- you've
20  got to do it on before December 15th. And if you're going to
21  respond to the summary judgment motion, which I presume you
22  would, if one is filed, you've got to do it within 20 days
23  thereafter. That will give us enough time to dispose of the
24  motions. Then if it's not granted, there will be enough time
25  to get you in for a pretrial conference and do everything we

8

1  need to do on that.  All right, let's go off the record.
2              (Discussion held off the record.)
3
4              (Whereupon, the proceedings were concluded.)
5
6                          - - -

1  <u>C E R T I F I C A T E</u>
2
3
4
5      I, Ronald J. Bench, certify that the foregoing is a
6  correct transcript from the record of proceedings in the
7  above-entitled matter.
8
9
10
11
12  _____
13  Ronald J. Bench